IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                              Plaintiff,                         OPINION and ORDER

    v.

                                                                        18-cv-797-jdp

ROCKAUTO, LLC,

                              Defendant.

---

        Plaintiff Equal Employment Opportunity Commission (EEOC) brought this suit on behalf of Glenn McKewen, who applied for a position as a supply chain manager with defendant RockAuto, LLC in 2016. EEOC alleges that RockAuto refused to hire McKewen because of his age, in violation of the Age Discrimination in Employment Act (ADEA).

        RockAuto has moved for summary judgment. Dkt. 17. EEOC has adduced evidence of relevant comparators: younger and less qualified applicants who bypassed the screening process on the basis of vague and subjective reasons. EEOC has thus raised a genuine dispute of material fact about whether RockAuto refused to hire McKewen because of his age. The court will deny RockAuto's motion.

UNDISPUTED FACTS

    The following facts are undisputed except where noted.

    RockAuto is an online retailer of motor vehicle parts and accessories, with headquarters in Madison, Wisconsin. Glenn McKewen applied for a "supply chain manager" position with RockAuto in October 2016 when he was 64 years old. Supply chain managers are responsible for purchasing, logistics, and customer service. The parties do not say how many supply chain

managers RockAuto employs. But the position is regularly available and RockAuto receives hundreds of applications each year for the position, suggesting that it is an entry-level job. When McKewen applied, Catherine Cahoon conducted initial screening of applicants' materials, and final hiring decisions were made by general manager James Taylor.

## A. RockAuto's supply chain manager hiring process

RockAuto's hiring process for the supply chain manager position began with Cahoon's screening of all applications. She would determine whether the applicant met RockAuto's initial criteria, which required the applicant to have a bachelor's degree or an anticipated date of graduation. Applicants who had graduated within the last 10 years had to have at least a 3.0 GPA if they had graduated from a school ranked by U.S. News as one of the top 100 schools in the country; applicants from lower-ranked schools needed a 3.5 GPA. If an application did not include a graduation date and GPA, Cahoon would email the applicant to request this information.

If Cahoon determined that an applicant met the education requirements, she would then complete a score sheet based on the application materials. The score sheet contained seven categories worth varying points:

- Automotive knowledge (zero or one point)
- Foreign language (zero or one point)
- Customer service (zero, two, or four points)
- Problem solving (zero, two, or four points)
- Attention to detail (zero, two, or four points)
- Data analysis (zero, two, or four points)
- Logistics (zero, two, or four points)

Dkt. 19-2. An applicant who scored 10 or more points on the score sheet would automatically proceed to the next stage in the hiring process. Applicants with scores lower than 10 were usually rejected, but exceptions were made.

The two categories of exceptions are at issue in this case. The parties refer to the first category of exception as an "Auto Pass." An applicant with a supply chain, operations management, or industrial engineering degree who had a GPA of 3.5 or higher from a top 100 school would automatically be advanced to the next stage. Dkt. 19-2. The second category of exception was what the parties call a "Jim Pass," granted on a discretionary basis by Taylor. Taylor testified that he would consider giving a Jim Pass under two circumstances: (1) if he concluded that there was something "unusually outstanding" about an applicant's application, such as prior work for a RockAuto supplier or another ecommerce company; or (2) if RockAuto was struggling to fill supply chain manager vacancies, which prompted Taylor to wonder whether the formal criteria were too restrictive. Dkt. 36 (Taylor Dep. 63:23–64:21).

An applicant who passed the scoring stage would be given a written "Auto Test" of the applicant's knowledge of basic automotive concepts. The subsequent stages in the hiring process, not at issue here, included a phone interview, an in-person interview, and an informal lunch, after which Taylor would decide whether to hire the applicant.

**B. Screening and rejection of McKewen's application**

McKewen submitted his application materials by email on October 24, 2016. Dkt. 32-1, at 2. He included a brief cover letter that mentioned "12+ years of supply chain leadership experience" and summarized his experience in four bullet points. *Id.* at 4. His resume described six positions he had held between 1999 and 2016, largely in the field of supply chain management and purchasing. *Id.* at 5. And it stated that he had received an M.B.A. in marketing and supply chain management from Missouri State University with a 3.2 GPA and a B.S. in business administration from Rochester Institute of Technology with a 3.0 GPA. *Id.*

McKewen's resume did not state when he received his degrees, so Cahoon emailed him later that day to obtain this information. He responded that afternoon, stating that he had received his B.S. in 1978 and his M.B.A. in 2003. Cahoon then scored McKewen's application. Dkt. 40-1. She awarded him zero points in the categories of foreign language, automotive knowledge, customer service, and data analysis. He received two points in problem solving and attention to detail, and he received four points in logistics, for a total of eight points. His score was not high enough to move him the next phase, and he did not receive an Auto Pass or the discretionary Jim Pass.

On October 25, 2016, the day after McKewen submitted his application, Cahoon rejected his application by email. Dkt. 32-3.

ANALYSIS

The Age Discrimination in Employment Act (ADEA) makes it unlawful to refuse to hire an applicant because of his age, 29 U.S.C. § 623(a)(1), which is what the EEOC alleges happened to McKewen. On RockAuto's motion for summary judgment, the question is whether EEOC has adduced evidence sufficient to support a reasonable jury verdict that RockAuto refused to hire McKewen because of his age. The EEOC must meet the demanding standard of "but-for" causation, which means that age was not merely a contributing factor in the employer's decision, but the decisive factor. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 763–64 (7th Cir. 2016); *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603–04 (7th Cir. 2012).

EEOC contends that a jury could reasonably conclude that RockAuto discriminated against McKewen based on evidence of four related propositions: (1) McKewen was more qualified than younger candidates who advanced further in RockAuto's hiring process;

4

(2) RockAuto's hiring system was biased against older applicants, using applicants' graduation dates as a proxy for their ages and overvaluing academic accomplishments in comparison to job experience; (3) RockAuto scored McKewen's application less favorably than similarly situated, younger applicants; and (4) Taylor declined to give McKewen a Jim Pass but gave Jim Passes to similarly situated, younger applicants.

The court concludes that Taylor's refusal to give McKewen a Jim Pass creates a triable issue of fact because the EEOC has adduced evidence of younger comparators who were treated more favorably under RockAuto's hiring system.

Taylor testified that he would consider issuing a Jim Pass if he saw something "unusually outstanding" about an application or if RockAuto was struggling to fill positions. These criteria are highly subjective. There is nothing inherently unlawful about using subjective criteria in hiring decisions, but this "may leave [the employer] more vulnerable to a finding of discrimination" if the plaintiff can identify objective evidence showing that the criteria mask discriminatory intent. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1170 (7th Cir. 1998).

EEOC contends that the small number of individuals older than 40 that RockAuto employed as supply chain managers—five out of 66 during an eighteen-month period—is objective evidence of discrimination. But as EEOC acknowledges, Dkt. 30, at 8, the supply chain manager position is an entry-level position. So it likely attracts a relatively young applicant pool. Without data regarding the characteristics of RockAuto's applicant pool, the proportion of younger workers is "next to worthless." *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1177 (7th Cir. 2002) (quoting *Kuhn v. Ball State Univ.*, 78 F.3d 330, 332 (7th Cir. 1996)).

RockAuto attempts to counter EEOC's data with statistical evidence of its own. It submits a declaration from Kurt F. Ellison, one of its attorneys, that purports to tabulate the

ages of all applicants for supply chain manager positions with RockAuto between January 1, 2016, and June 1, 2019. Dkt. 68. This is the type of analysis that would typically be done by a party's expert, not its attorney. Ellison does not explain the method by which he extrapolated applicants' ages from their graduation dates and work histories. And RockAuto has not provided EEOC or the court with the spreadsheet that Ellison created. Because RockAuto has not given EEOC and the court the means to verify Ellison's estimates, the court will disregard Ellison's declaration. The bottom line is that neither the EEOC nor RockAuto has given the court enough information to meaningfully evaluate the small number of younger workers in the supply chain manager position.

But EEOC has presented objective evidence in the form of comparators, other individuals who receive preferential job treatment despite having equal or lesser qualifications than the plaintiff or claimant. *See, e.g., Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 446–47 (7th Cir. 2014). EEOC specifically identifies eight applicants who received Jim Passes despite receiving application scores below 10 points.[1]

One of these applicants is plainly distinguishable from McKewen for nondiscriminatory reasons. JFJ received a Jim Pass because he had developed an interactive Access database, developed a standardized procedure in a company's warehouse that was projected to save $100,000 annually, and minored in supply chain and operations management. Dkt. 37-17, at 2–5. Although McKewen also had a relevant degree and discussed process improvements on his resume, his application did not mention any proficiency with Access, a preferred skill for the position. Dkt. 32-1, at 5.

---

[1] The court will refer to these individuals by their initials to protect their privacy.

Two of the proposed comparators are arguably distinguishable, but not strongly so. MK and MG had supply chain management degrees from top 100 schools and would have qualified for Auto Passes if their GPAs had been only a tenth of a point higher. *See* Dkt. 37-20, at 4; Dkt. 51, at 4–5. McKewen had a degree that would qualify him for an auto pass, but his school (Missouri State University) was not ranked within the top 100. And his GPA (3.2) was not as close to the Auto Pass's requirement of a 3.5.

Four of the proposed comparators are distinguishable only on the subjective evaluation of their communication skills by RockAuto's reviewers. AO, AW, PW, and MM all received Jim Passes for their communications skills, with reviewers commenting on points such as the high quality of their cover letters or their speaking abilities. *See* Dkt. 37-25, at 2–4; Dkt. 37-29, at 2–4; Dkt. 46, at 2–4; Dkt. 60, at 2–4. In reviewing McKewen's application, Cahoon specifically noted the brevity of his cover letter, Dkt. 40-1, which consisted largely of four bullet points summarizing his experience, Dkt. 32-1, at 4. A reasonable jury might well find this to be evidence of discrimination, given that McKewen had so much more relevant experience than these four.

The eighth comparator, MN, cannot be easily distinguished from McKewen. Even a single similarly situated comparator will defeat a motion for summary judgment, *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 406–07 (7th Cir. 2007). MN applied for a supply chain manager position while she was still attending the University of Wisconsin-Milwaukee, with an anticipated 2017 graduation date. Dkt. 37-24, at 2. She received only four points on her score sheet, with zero points in the categories of customer service, problem solving, and attention to detail. *Id.* at 4. Her reviewer wrote that MN was receiving a Jim Pass because she had a "relevant degree" and was "someone who is still in school & just doesn't have a lot of

7

experience yet. Shows ambition for planning a year out. Mentions meticulous in resume. Must score darn near perfect on Auto Test to move forward." *Id.*

Both McKewen and MN had relevant degrees. Their GPAs were similar: MN's was 3.3, with the reviewer noting that she had attended a "weak school," and McKewen had a 3.2 GPA in his M.B.A. and a 3.0 GPA in his B.S. The reviewer expressly noted MN's lack of experience, but McKewen had more than 15 years of relevant experience. This leaves only the comments that MN showed "ambition" and that she described herself as "meticulous" on her resume. A juror could reasonably conclude that these two factors did not justify giving a Jim Pass to MN but not to McKewen, who had extensive relevant experience. And Taylor's decision is particularly notable because he credited MN for showing ambition by applying while still in college, a factor that would typically apply only to younger applicants.

RockAuto counters that it did not ultimately hire MN. *See* Dkt. 62, ¶¶ 28–29. This is a fact that the jury can consider, bearing in mind that one of the comparators, AW, did get hired. But EEOC has adduced sufficient comparator evidence to support a reasonable verdict that RockAuto's hiring process was discriminatory. McKewen's case may not be overwhelming, but EEOC has presented enough to create a question for the jury. The court will deny RockAuto's motion for summary judgment.

ORDER

IT IS ORDERED that defendant RockAuto, LLC's motion for summary judgment, Dkt. 17, is DENIED.

Entered March 30, 2020.

BY THE COURT:

__/s/_____
JAMES D. PETERSON
District Judge